

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

NOV 14 2007

ROBERT H. SHEMWELL CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

---

UNITED STATES OF AMERICA

versus                                    CRIMINAL NO. 06-50112-01
                                          JUDGE TOM STAGG
RUBEN WILSON

---

## MEMORANDUM ORDER

Before the court is a motion filed pro se by defendant, Ruben Wilson

("Wilson"), seeking to withdraw his guilty plea entered on October 3, 2007. See

Record Document 152. Federal Rule of Criminal Procedure 11(d) provides:

**Withdrawing a Guilty or Nolo Contendere Plea.**

A defendant may withdraw a plea of guilty or nolo contendere:

. . .

> (2) after the court accepts the plea, but before it imposes
> sentence if:
>
>     . . .
>
>         (B) the defendant can show a fair and just
>         reason for requesting the withdrawal.

Federal Rule of Criminal Procedure 11(d) authorizes a district court to permit

a defendant to withdraw a guilty plea prior to sentencing upon the showing of "a fair

and just reason." United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003).
Although Rule 11(d) should be construed and applied liberally, there is no absolute
right to withdraw a guilty plea. See id.

In United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984), the United
States Court of Appeals for the Fifth Circuit set out seven factors for the district
courts to consider when deciding whether a fair and just reason has been shown: (1)
whether the defendant has asserted his innocence; (2) whether withdrawal would
prejudice the government; (3) whether the defendant delayed in filing the motion
and, if so, the reason for the delay; (4) whether withdrawal would substantially
inconvenience the court; (5) whether adequate assistance of counsel was available
to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether
withdrawal would waste judicial resources. "No single factor or combination of
factors mandates a particular result. Instead, the district court should make its
determination based on the totality of the circumstances." United States v. Badger,
925 F.2d 101, 104 (5th Cir. 1991) (citation omitted). By enumerating these factors,
the Fifth Circuit did not intend to require the district court to make a specific finding
as to each of the seven factors every time a defendant requests to withdraw a guilty
plea. "The burden of establishing a fair and just reason for withdrawing a guilty
plea remains at all times on the defendant." United States v. Mendoza-Mata, 322
F.3d 829, 834 (5th Cir. 2003) (citing United States v. Brewster, 137 F.3d 853, 858

(5th Cir. 1998)). "A mere change of mind is insufficient to permit the withdrawal of a guilty plea before sentencing." United States v. Glinsey, 209 F.3d 386, 397 (5th Cir. 2000) (quotation and citation omitted).

Initially, Wilson contends that his attorney gave him "bad advice" to plead guilty, which he claims that he "NEVER had any intentions [sic] of doing." Record Document 157 at 1. He then advances numerous allegations in support of this contention, including, inter alia: (1) that despite the admission of his confession, the government "has absolutely zero evidence to support the confession": (2) that he has "irrefutable proof that Agent Hembree mislead the court by (A) falsifying his police reports"; (3) that his "sole" co-defendant (even though he has *four* co-defendants) has admitted to one of his relatives that he is "lying on" Wilson because he was urged to do so by authorities; (4) that he did not introduce any of his co-defendants to a drug dealer and that two of his co-defendants did not acquire drugs from him or ever see him with drugs; (5) that there are issues with his recorded statement. See id.

A review of the transcript of the guilty plea colloquy indicates that none of these alleged problems were an issue for Wilson at the time of his guilty plea, nor did he have any problems with his counsel. The court inquired as to whether Wilson was satisfied with his legal representation and he replied that he was. Wilson further agreed when asked whether counsel was adequately furnishing him with information

and whether he was satisfied with having counsel continue to represent him.  Wilson was also asked by the court whether his plea was free and voluntary and he replied that it was.  When asked whether he was guilty or not guilty of a conspiracy with his co-defendants, he replied that he was guilty.

In sum, Wilson has failed to meet his burden of establishing a fair and just reason for withdrawing his guilty plea.  In fact, he failed to assert any of the seven factors enunciated in <u>Carr</u>.  Accordingly, Wilson's motion to withdraw his plea of guilty is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 14th day of November, 2007.

JUDGE TOM STAGG