U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUL 14 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES

versus

RUBEN S. WILSON

CRIMINAL NO. 06-50112-01
JUDGE TOM STAGG

## O R D E R

Before the court is a motion entitled "Defendant's Request For Records" filed pro se by the defendant, Ruben S. Wilson ("Wilson"). See Record Document 197. Wilson appears to be seeking discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

In a section 2255 proceeding, Rule 6 permits discovery only upon a showing of "good cause." 28 U.S.C. § 2255 Rule 6(a). The Fifth Circuit, in interpreting a similar rule governing proceedings under 28 U.S.C. § 2254, held that "good cause" may be found when a petition "establishes a prima facie claim for relief." Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000). Before discovery is permitted, the court must conclude that the specific allegations in the petition show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." Id. To do so, the petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." Id.

1

Wilson has not filed a motion under section 2255, nor has he provided specific facts showing that, if the proposed discovery were allowed, he would be entitled to relief. His conclusory requests fall short of the showing of good cause necessary to permit discovery under Rule 6. Accordingly;

**IT IS ORDERED** that Wilson's request for records (Record Document 197) is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 14th day of July, 2009.

JUDGE TOM STAGG